# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE DIXON<br>CDC #F-00012,<br><br>                              Plaintiff,<br><br>vs.<br><br>ROBERT J. HERNANDEZ, Warden;<br>RICHARD J. DONOVAN<br>CORRECTIONAL FACILITY; DONNIE<br>BRAMETT, Inmate; CROWE, Correctional<br>Officer; CALIFORNIA DEP'T OF<br>CORRECTIONS,<br><br>                              Defendants. | Civil No.   06-1942 IEG (POR)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE PURSUANT TO 28 U.S.C. § 1915A** |

On June 28, 2006, while incarcerated at Richard J. Donovan Correctional Facility ("Donovan"), Plaintiff, Bennie Dixon, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in San Diego Superior Court requesting compensatory and punitive damages against Defendants, California Department of Corrections ("CDC") and Donovan officials, as well as a fellow inmate, who are alleged to have violated Plaintiff's right to be free from "cruel and unusual punishment." *See* Compl. at 2-3. On September 18, 2006, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b) on the grounds that the case arises under

federal civil rights laws. *See* 28 U.S.C. § 1331; 42 U.S.C. § 1983. Plaintiff has filed no opposition to Defendant's Notice of Removal.

## I. Defendant's Notice of Removal [Doc. No. 1]

### A. Legal Standard

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 614 (1868)). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq.* A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th. Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 (1983). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. Under this rule, the federal question must be "presented on the face of plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). "[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393; *see Wayne*, 294 F.3d at 1183 ("However, the existence of a defense based upon federal law is insufficient to

1 support jurisdiction."). Further, "[a]s the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." *Arco Envtl. Remediation L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000); *Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 344 (9th Cir. 1996); *Redwood Theaters, Inc. v. Festival Enters. Inc.*, 908 F.2d 477, 479 (9th Cir. 1990).

The artful pleading doctrine is an exception to the well-pleaded complaint rule, and provides that "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd.,* 463 U.S. at 22; *see also Rains*, 80 F.3d at 343 ("Under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction by 'omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law.'") (*quoting Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984)). Courts will apply the artful pleading doctrine "only if the particular conduct complained of is governed exclusively by federal law." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987) (internal quotations omitted). Where a defendant asserts "artful pleading," the court may examine the removal notice and supporting affidavits to determine whether the plaintiff's claim arises under federal law. *See Schroeder v. Trans World Airlines, Inc.,* 702 F.2d 189, 191 (9th Cir. 1983). Under this doctrine, "[a] state created cause of action can be deemed to arise under federal law (1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *Arco Envt'l Remediation*, 213 F.3d at 1114. However, the Ninth Circuit has noted that the artful pleading doctrine "is to be involved only in exceptional circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1427 (9th Cir. 1984). "The artful pleading doctrine does not permit defendants to . . . rewrite a plaintiff's properly pleaded claim in order to remove it to federal court." *Rains*, 80 F.3d at 344.

////

////

1       The defendants have the burden of establishing that removal is proper and supporting its jurisdictional allegations with competent proof. *Gaus v. Miller*, 980 F.2d at 566; *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). In addition, the defendants must file a timely notice of removal. 28 U.S.C. § 1446(b). The notice of removal must be filed within 30 days after receipt of a copy of the initial pleading if removability can be determined from its text. *Id.*

### B. Discussion

      Defendants seek removal of this action on the grounds that Plaintiff's Complaint arises under 42 U.S.C. § 1983. While Plaintiff has not filed a reply to Defendants' notice of removal, a district court may remand an action sua sponte if it concludes that it lacks jurisdiction. *See Franklin v. Murphy*, 745 F.2d 1221 (9th Cir. 1984); FED.R.CIV.P. 12(h)(3) (district court may sua sponte dismiss an action, regardless of whether the plaintiffs are proceeding *in forma pauperis*, if the court concludes that it lacks subject matter jurisdiction).

      Here, Plaintiff's Complaint specifically alleges a violation of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Compl. 2-3. Defendants Crowe and Hernandez filed this notice of removal within 30 days after the first Defendant was served. *See* 28 U.S.C. § 1446(a), (b). As such, the Court finds that removal was proper.

## II. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)

      Moreover, 28 U.S.C. § 1915A obligates this Court to review complaints filed by all plaintiffs who are "prisoners" at the time the complaint is filed and who "seek redress from a governmental entity or employee of a governmental entity" regardless of whether the prisoner prepays filing fees, moves to proceed IFP, or is later released. *See* 28 U.S.C. § 1915A(a). Under § 1915A, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim upon which relief may be granted, or which seek monetary relief from defendants who are immune. *See* 28 U.S.C. § 1915A(b)(1) & (2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

////

////

1       "Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Id.* at 447 (citing *Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997)). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Nevertheless, in giving liberal interpretation to a pro se civil rights complaint, the court may not, "supply essential elements of the claim that were not initially pled." *Ivey v. Bd of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

      As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal citations omitted); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). As such, § 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### A. Eighth Amendment claims

      To the extent that a liberal construction of Plaintiff's Complaint suggests that he may intend to base his claim against Defendants based on their alleged failure to protect him from harm, the Court notes that the Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to act reasonably in order to protect inmates from violence or other serious risks to their health and safety. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). To state a failure to protect claim under *Farmer*, however, a prisoner must allege facts sufficient to show that the conditions of his confinement objectively pose a substantial risk of serious harm. *See Farmer*, 511 U.S. at 834; *see also Helling v. McKinney*, 509 U.S. 25, 32 (1993). A prisoner must also plead facts which

1 show that a prison official acted with "deliberate indifference" to his safety; that is, that the
2 official "knew of the risk and that the official inferred that substantial harm might result from
3 the risk." *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

4 Here, Plaintiff's Complaint lacks any factual allegations that any specific Defendant
5 actually knew of or could infer a serious risk to Plaintiff's safety. *See Wallis*, 70 F.3d at 1077.
6 Plaintiff appears to allege that he was attacked by another inmate while incarcerated at Donovan.
7 However, Plaintiff fails to identify any knowledge on the part of any Defendant that there was
8 a serious risk to his safety. Thus, Plaintiff's Complaint as currently pleaded, fails to allege facts
9 sufficient to support a failure to protect claim. *See* 28 U.S.C. § 1915A.

### B. Eleventh Amendment Immunity

11 Further, Plaintiff names the California Department of Corrections and the Richard J.
12 Donovan Correctional Facility as Defendants. Compl. at 1-2. However, the California
13 Department of Corrections and Donovan, as agencies of the State of California, are not
14 "persons" subject to suit and are instead, entitled to absolute immunity from monetary damages
15 actions under the Eleventh Amendment. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44,
16 53-54 (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also*
17 *Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department
18 of corrections is not a "person" within the meaning of § 1983). In order to state a claim under
19 § 1983, Plaintiff must identify a "person" who, acting under color of state law, deprived him of
20 a right guaranteed under the Constitution or a federal statute. *See* 42 U.S.C. § 1983.

21 Therefore, Plaintiff's monetary claims against Donovan and the California Department
22 of Corrections are dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(2).

### III. Conclusion and Order

24 Good cause appearing, **IT IS HEREBY ORDERED** that:

25 The case is **DISMISSED** without prejudice for failing to state a claim upon which relief
26 may be granted and for seeking monetary relief from defendants who are immune from such
27 relief. *See* 28 U.S.C. § 1915A.

28 ////

Plaintiff is granted forty-five (45) days in which to file an amended complaint which addresses each deficiency of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIV. L R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS FURTHER ORDERED that:**

The Clerk of the Court is directed to mail an approved § 1983 Complaint form to Plaintiff.

**DATED: October 30, 2006**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**